UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELWYN D.J. VOS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FIRST AMERICAN TITLE COMPANY,<br><br>　　　　　　Defendant. | No. 2: 17-cv-00060 JAM AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on defendant's motion to dismiss, ECF No. 11, which came on for hearing before the undersigned on April 19, 2017. Plaintiff Selwyn D.J. Vos appeared on his own behalf, and Steven Vote appeared on behalf of First American Title Company. For the reasons that follow, the motion should be granted.

## I. BACKGROUND

The complaint seeks relief related to a 1999 land purchase. ECF No. 1 at 2. Plaintiff alleges that the land contained 25 acres of protected Native American land, an earthquake fault line, and a "heavy influx of asbestos." Id. He contends that these conditions were not disclosed by the defendant at the time of purchase or during a series of refinancing transactions that took place in 2003, 2004 and 2005. Id. at 2-3. Plaintiff asserts federal question jurisdiction on the basis that there has been a violation of the following federal statutes and regulations: (1) the

////

1

Antiquities Act of 1906;[1] (2) the Historic Sites Act of 1953; and (3) 43 C.F.R. 7.7. ECF No. 1 at 2.

Defendant brings this motion pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6). Defendant further contends that plaintiff's federal action is barred by application of collateral estoppel.

## II. STANDARDS FOR DISMISSAL UNDER RULE 12(B)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise by motion the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact,

---

[1] Plaintiff also cites the "Antiquities Act of 1906-2006 Centennial Commemoration of Accomplishments and Continuing Efforts in Conversation" and "Managing Archeological Collections: The Antiquities Act." ECF No. 1 at 2.

no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

## III. DISCUSSION

### A. Federal Question Jurisdiction

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380. The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377.

Here, plaintiff asserts jurisdiction based on a federal question. Compl., ECF No. 1 at 2. District courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the

////

face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Plaintiff's complaint alleges violations of (1) the Antiquities Act of 1906; (2) the Historic Sites Act of 1953; and (3) 43 C.F.R. § 7.7. ECF No. 1 at 2. The Antiquities Act, 54 U.S.C. § 320301-320303, does not provide for a private right of action. Rather, it gives the President authority to create national monuments (§ 320301); gives the secretary, the secretary of agriculture, or the secretary of the army to grant permits for the examination of ruins, excavation of archeological sites and the gathering of objects of antiquity (§ 320302); and provides for publication of the regulations (§ 320303).[2] See generally, Navajo Nation v. United States Dept. of Interior, 819 F.3d 1084, 1087 (9th Cir. 2016). The Historic Sites Act has been repealed. See Pub.L. 113-287. The regulation that is cited in the complaint, 43 C.F.R. § 7.7, requires notification to Indian tribes of possible harm to, or destruction of, sites on public lands that have religious or cultural importance. This regulation creates a duty on the part of the federal land manager, but does not provide for a private right of action.[3]

Without a right of action under the cited federal statutes, a suit does not "arise under" federal law and the district court therefore lacks federal question jurisdiction. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986). Plaintiff's references to federal law do not compel a different result. See id. Accordingly, the complaint in this case fails to present a federal question.

The court has considered whether the pro se complaint could be liberally construed as presenting state law claims which "necessarily turn on some construction of federal law." Franchise Tax Bd., 463 U.S. at 9.[4] Plaintiff clearly believes that his property rights have been

---

[2] Plaintiff also alleges violations of: (1) the "Antiquities Act of 1906-2006 Centennial Commemoration of Accomplishments and Continuing Efforts in Conversation;" and (2) "Managing Archeological Collections: The Antiquities Act." ECF No. 1 at 2. These are not references to federal statutes; they appear to be references to materials discussing the Antiquities Act.

[3] See https://www.gpo.gov/fdsys/pkg/CFR-2014-title43-vol1/pdf/CFR-2014-title43-vol1-sec7-7.pdf

[4] In such a case, a federal question is present even if the court ultimately rejects the plaintiff's (continued…)

4

infringed, and that the defendant title company failed to disclose information and otherwise violated duties that it owed to plaintiff regarding the property and related transactions. However, although the alleged problems with the property arguably implicate matters of federal concern, the cited sources of federal law would have no bearing on the respective rights and obligations of the parties to this lawsuit. Even if the complaint were construed or amended to present state law claims – whether sounding in contract, tort, or equity – the federal Antiquities Act, Historic Sites Act, and related regulations regarding federal government notification to Indian tribes would not be relevant to the merits of those claims. None of those sources of federal law apply to the conduct of private entities or to transactions related to private property. Jurisdiction under § 1331 requires that a federal law provide an essential element of plaintiff's claim. Franchise Tax Bd., 463 U.S. at 10-11. Accordingly, jurisdiction cannot be found in this case on the theory that resolution of putative state law claims turns on construction of federal law.

Because the complaint fails to present a genuine federal question, it must be dismissed for lack of subject matter jurisdiction.

B. Collateral Estoppel

Because the complaint must be dismissed for lack of jurisdiction, the court does not reach defendant's collateral estoppel argument. However, it should be noted that this is plaintiff's second lawsuit against defendant in this court regarding the subject property. The previous action alleged the same injuries, although different legal theories were presented. See Vos v. Gigliotti et al., No. 2:10-cv-01073 LKK DAD.[5] In the prior case, plaintiff's due process claim was dismissed for failure to state a claim, and his remaining state law claims were dismissed for lack of jurisdiction. Id., ECF No. 19. The court expressly rejected plaintiff's theory that federal jurisdiction over the state law claims could be predicated on the general federal interest in, and regulation of, Native American archeological sites and/or asbestos. Id. at 6-7.

---

construction. See Bell v. Hood, 327 U.S. 678, 685 (1946) ("[T]he right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the district court has jurisdiction.").

[5] In Vos v. Gigliotti, unlike the instant case, plaintiff was represented by counsel.

## IV. LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may amend his pleading to establish the court's jurisdiction over this action. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). For the reasons previously stated, the undersigned finds that it would be futile to grant plaintiff leave to amend. The facts alleged in the complaint do not support a federal cause of action, nor federal jurisdiction over any putative state law claims, and no additional facts could be alleged that would change the analysis.

## V. RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMEDED that defendant's Motion to Dismiss (ECF No. 11) be GRANTED and the case DISMISSED for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 21, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE